Filed 6/12/14  Marriage of Jones CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| In re Marriage of ELMER JONES and DENISE JONES. | 2d Civil No. B248188 (Super. Ct. No. 1230957) (Santa Barbara County) |
| ELMER JONES III,  Respondent,  v.  DENISE JONES,  Appellant. | |

Appellant appeals from family court orders that direct the clerk of the superior court to sign IRS form 8332 on her behalf and require her to pay $3,500 to Respondent as a sanction.  Her appeal fails because the appellate record provided by Appellant is inadequate to permit us to review the orders.  We affirm.

### FACTS AND PROCEDURAL HISTORY

The family court entered orders setting child support that included the allocation of the tax exemption for the parties' daughter Phoenix to Respondent.  At a hearing in September 2011 to compel Appellant to release the exemption to Respondent,

the family court ordered her to sign IRS form 8332. Appellant did so for the tax year 2010 "under protest."

On November 26, 2012, Respondent filed a Request for Order that again addressed the tax exemption for the parties' daughter. Respondent alleged that after signing IRS form 8332 "under protest" and in spite of the court order releasing the exemption to him, Appellant nevertheless claimed the child as a dependent on her 2010 return. Respondent alleged this increased his taxes that year by $1,997. Respondent sought an order (1) requiring Appellant to sign IRS form 8332 releasing the exemption to him for the tax year 2011, 2012 and 2013; (2) requiring Appellant to pay him $1,997; and (3) requiring Appellant to pay $3,500 toward his attorney fees as a sanction.

On February 14, 2013, the family court held a hearing on Respondent's November 2012 Request for Order. At this hearing, Appellant acknowledged on the record that the "current child support orders [give] Mr. Jones . . . the ability to claim . . . Phoenix, for all years" on his tax returns. Appellant was then asked by the court to sign the IRS form 8332 but she refused to do so. The court warned Appellant that if she refused to sign it, the clerk would be ordered to sign it for her. Appellant still refused. The court directed the clerk to sign the form releasing the exemption to Respondent for all tax years remaining in their child's minority. The court ordered Appellant to pay Respondent's attorney $3,500 in attorney fees pursuant to Family Code section 271.

Appellant expressed doubt in her briefs and at oral argument that the family court has the authority to make an order directing the clerk to sign her name on a federal tax form or on a deed transferring ownership of a community real property that was sold to a third party pursuant to a court order.

*DISCUSSION*

Family Code section 290 provides: "A judgment or order made or entered pursuant to this code may be enforced by the court by execution, the appointment of a receiver, or contempt, or by any other order as the court in its discretion determines from time to time to be necessary." Appointing an elisor to execute a document such as a deed

2

or tax form is very commonly used to enforce family court orders when a former spouse refuses to comply with a court order. It is a far more sensible and cost effective way to enforce family court orders than, for example, it would be to hold a former spouse in contempt for failing to sign a document and then to remand that person to the custody of the sheriff until the required signature is obtained.

A party challenging a judgment must show reversible error by an adequate record. (Cal. Rules of Court, rules 8.124(b)(1)(B), 8.122(b)(3).) Trial court judgments must be affirmed if an adequate record is not provided. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) This is because trial court orders are presumed to be correct. An appellate court is required to assume there is support for all matters as to which the record is silent.

In addition, the appellate record must contain a transcript of relevant oral proceedings. "The absence of a record concerning what actually occurred at the trial precludes a determination that the trial court [erred]. . . ." (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362; Cal. Rules of Court, rule 8.120(b).) "To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence. [Citations.]" (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325.)

Here, the appellate record does not include the pleadings, exhibits or the minutes of the proceedings that resulted in the award to Respondent of the dependency exemption or the proceeding where Appellant was ordered to sign the IRS form for the tax year 2010. No reporter's transcript of any proceeding relevant to this issue is part of the appellate record except the hearing in February 2013. We must therefore presume that when child support was set by the family court and the tax exemption for Phoenix was awarded to Respondent that the court followed the law, properly applied principles of equity and correctly awarded the dependency exemption to Respondent.

*DISPOSITION*

There was no error in ordering the clerk to sign IRS form 8332 or in awarding fees as a sanction for Appellant's failure to comply with the court's order. The judgment is affirmed. Respondent shall recover his costs.

NOT TO BE PUBLISHED.


BURKE, J.[*]


We concur:


YEGAN, Acting P. J.


PERREN, J.

---

[*] (Judge of the Superior Court of San Luis Obispo County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

James F. Rigali, Judge

Superior Court County of Santa Barbara

_____

Appellant Denise Jones, in pro. per. for Appellant.

Vanessa Kirker Wright and Tammi L. Faulks for Respondent.